No. 19-15974

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STATE OF CALIFORNIA, BY AND THROUGH ATTORNEY GENERAL XAVIER BECERRA,
    *Plaintiff–Appellee*,

v.

ALEX AZAR, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,
    *Defendants–Appellants*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:19-cv-01184-EMC
The Honorable Edward M. Chen, District Judge

## CONDITIONAL PETITION FOR INITIAL HEARING EN BANC

XAVIER BECERRA
*Attorney General of California*
EDWARD C. DUMONT
*Solicitor General*
KATHLEEN BOERGERS
*Supervising Deputy Attorney General*

JOSHUA PATASHNIK
*Deputy Solicitor General*
ANNA RICH
BRENDA AYON VERDUZCO
KETAKEE KANE
*Deputy Attorneys General*
CALIFORNIA DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3896
josh.patashnik@doj.ca.gov
*Attorneys for Plaintiff–Appellee*

# INTRODUCTION AND RULE 35 STATEMENT

This appeal from the issuance of a preliminary injunction involves issues of exceptional importance that should be resolved by this Court only with the benefit of full briefing and oral argument. On June 20, a motions panel issued a published opinion discussing some of these issues and staying the district court's preliminary injunction pending further proceedings on appeal. California and others have sought en banc reconsideration of the stay decision.

If, however, at the time the Court addresses this appeal a three-judge merits panel would consider itself bound by any of the conclusions or reasoning in the motions panel's opinion, then California respectfully requests that the appeal instead be heard in the first instance by an en banc panel. Initial hearing en banc would be warranted in that circumstance because the motions panel's stay order departs from precedent of this Court and the U.S. Supreme Court, *see* Fed. R. App. P. 35(b)(1)(A), and because this case involves questions of exceptional importance regarding the ability of hundreds of thousands of patients to access critical healthcare services, *id.* R. 35(b)(1)(B).

# BACKGROUND

This case involves Title X of the Public Health Service Act, the nation's sole federal grant program devoted to supporting family planning services for millions of low-income patients. Title X programs offer a variety of basic primary and

1

preventive health services, including routine checkups, breast and cervical cancer screenings, birth control, contraception education, and testing and treatment for sexually transmitted infections.

Earlier this year, the U.S. Department of Health and Human Services issued a new rule that would prevent Title X grantees from providing patients with unbiased, factual information about reproductive care (including abortion) and require a rigid separation between Title X-funded programs and any program that performs or provides information about abortions. California and others filed suits challenging this new rule.

The district court in this case granted a preliminary injunction preventing enforcement of the rule pending resolution of the litigation. It concluded that California was likely to succeed on the merits of its claims or at least had raised serious issues for review, and it found as a factual matter that the implementing the rule would likely "decimate the network of Title X providers in California and drastically restrict patients' access to a wide range of vital services, including contraceptive resources and screenings for sexually transmitted infections, reproductive cancers, and HIV." ER 10. Two other district courts reached similar conclusions and likewise entered preliminary injunctions. All three courts declined to stay their injunctions pending appeal.

HHS filed a motion in this Court seeking a stay pending appeal. On June 20—without scheduling oral argument, and after HHS had filed its opening brief in the preliminary injunction appeal but before the appellees had filed their briefs—a motions panel of this Court granted a stay of all three injunctions pending further proceedings on appeal. The panel designated its opinion and order on the stay for publication. California and other parties have sought en banc reconsideration of the stay decision.

## ARGUMENT

California's motion for en banc reconsideration of the motions panel's published stay order (Dkt. 28) explains why that order is inconsistent with decisions of this Court and of the U.S. Supreme Court, Fed. R. App. P. 35(b)(1)(A), and why this case involves "questions of exceptional importance," *id.* R. 35(b)(1)(B). We summarize those arguments again below. For the same reasons, if at the time the Court considers this appeal on the merits a three-judge panel would consider itself bound by the conclusions or reasoning of the motions panel's opinion, then the appeal should be considered by the Court en banc.

As the motions panel recognized, its task was to determine whether HHS is "*likely* to prevail on its challenge to the district courts' preliminary injunctions." Stay Order at 13 (emphasis added). The question whether those injunctions should be affirmed is now before the Court on the merits, and the motions panel's

3

*prediction* regarding a merits panel's likely resolution of that question cannot logically control the actual outcome. That is especially clear where, as here (and as will usually be true), the motions panel acted on the basis of abbreviated briefing and without the benefit of oral argument. Were initial assessments by a motions panel to control a later panel's actual resolution of the issues presented, "[s]uch pre-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to 'act responsibly,' rather than doling out 'justice on the fly.'" *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)).

That said, this Court's law regarding the relationship between a published stay order and a three-judge panel's later consideration of similar issues on the merits is not entirely clear. The Court has said that "while a merits panel does not lightly overturn a decision made by a motions panel during the course of the same appeal," it is not bound to follow it. *United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986). More recently, Judge Fletcher invited "the regular argument panel that will ultimately hear [an] appeal, with the benefit of full briefing and regularly scheduled argument," to depart from the legal conclusions the motions panel predicted the regular panel would reach. *Innovation Law Lab v. McAleenan*, 924 F.3d 503, 518 (9th Cir. 2019) (W. Fletcher, J., concurring in the judgment).

On the other hand, the Court's opinion in *Lair v. Bullock*, 798 F.3d 736, 747 (9th Cir. 2015), suggests that at least in certain circumstances a motions panel's published opinion addressing a legal issue may bind a later panel addressing the case on the merits. In *Lair*, a motions panel—itself following binding circuit precedent—squarely held that a relevant Supreme Court decision had no majority opinion and set no precedent. *Lair v. Bullock*, 697 F.3d 1200, 1205-06 (9th Cir. 2012). In its later opinion adhering to that position, a merits panel suggested that its ruling was not only correct but also dictated by precedent, including the published opinion of the motions panel. 798 F.3d at 747.

*Lair* should not be read to hold that a merits panel in this case is bound by the predictive judgments or "on the fly" reasoning of a motions panel under the different circumstances of this case. If, however, this Court disagrees or the matter is unclear, then this appeal should be heard en banc.

1. The stay order departs from Ninth Circuit and Supreme Court precedent regarding the standard for reversing a preliminary injunction. This Court's review of a district court preliminary injunction order is "limited and deferential." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 422 F.3d 782, 793 (9th Cir. 2005) (per curiam) (quoting *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc)). Under this "limited appellate review," this Court "will reverse only if the district court 'abused its discretion or based its

decision on an erroneous legal standard or on clearly erroneous findings of fact.'" *Id.* (quoting *United States v. Peninsula Comm'cns, Inc.*, 287 F.3d 832, 839 (9th Cir. 2002)).

Here, the motions panel brushed aside the district court's conclusion, rooted in detailed and amply supported factual findings, that implementation of the rule before its legality could be determined by the courts would cause irreparable harm to California and Essential Access—and, conversely, that maintaining the longstanding regulatory status quo for a modest period to allow that determination would impose no remotely comparable harm on HHS. *See* Stay Order at 24-25. The panel was obligated to abide by those findings unless they were clearly erroneous, meaning they were "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Arc of Cal. v. Douglas*, 757 F.3d 975, 984 (9th Cir. 2014). The motions panel made no such determination (nor could it have), yet it nonetheless disregarded the district court's extensive and well-supported findings that implementation of the rule would reduce the availability and quality of Title X care and would produce negative health outcomes for affected patients, leading to concrete harms to California's public health and finances. ER 23-25.

The panel's dismissal of factual findings of concrete, impending harms directly contradicts this Court's decision in *California v. Azar*, 911 F.3d 558 (9th

Cir. 2018), which affirmed a preliminary injunction pending determination of the validity of two other new federal rules that would limit contraception coverage, in light of "potentially dire public health and fiscal consequences" that implementation of the rules would impose on the plaintiff States. *Id.* at 582; *see also Lopez v. Heckler*, 713 F.2d 1432, 1436-37 (9th Cir. 1983) (holding that harm to plaintiffs caused by loss of access to public benefits "is far more compelling than the possibility of some administrative convenience or monetary loss to the government"). Here too, the district court's factual findings more than suffice to support its preservation of the status quo during litigation.

The motions panel also disregarded Ninth Circuit precedent regarding irreparable harm to the federal government from a preliminary injunction. *See* Stay Order at 24. That precedent instructs that where, as here, "the district court's order merely return[s] the nation temporarily to the position it has occupied for many previous years," federal defendants cannot show that a modest deferral in implementation of a new rule (if it turns out to be legally valid) will cause the kind of harm to important national interests that might justify staying a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017); *see also E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1255 (9th Cir. 2018) (holding that the United States had "fail[ed] to show irreparable harm" stemming from district court TRO that "temporarily restored the law to what it had been for many

7

years prior to" the challenged rule); *Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 369 (9th Cir. 2016) (en banc). Contrary to the motions panel's conclusion, a federal agency does not suffer irreparable harm simply because it is temporarily barred from immediately implementing some newly-preferred interpretation of a statute. *E. Bay Sanctuary Covenant*, 909 F.3d at 1254.

Finally, the stay order applied the wrong legal standard in making its tentative evaluation of the merits of Defendants' present appeal. In determining the propriety of a preliminary injunction, this Court applies a "sliding scale" standard where if the "balance of hardships tips sharply in plaintiff's favor," the plaintiff need only show "serious questions going to the merits." *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Yet the motions panel never inquired whether the plaintiffs had met this standard.

2. This case and the questions it presents are "exceptionally importan[t]." Fed. R. App. P. 35(b)(1)(B). Information about and access to comprehensive reproductive healthcare, including abortion, allows women to take control of their most "intimate and personal choices . . . central to personal dignity and autonomy." *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 851 (1992) (plurality opinion). This and related cases will determine the extent to which such information continues to be made available to the vulnerable, low-income women whom Title X is meant to serve and who will be directly harmed if HHS's new rule

8

is put into effect. That is especially clear in light of the district court's findings concerning the irreparable harm that would result from implementation of Defendants' new Rule. ER 22-30.

The motions panel here chose to publish an order addressing a stay motion based on abbreviated briefing, without oral argument, and in the middle of briefing on Defendants' appeal of the preliminary injunction. For reasons California and others have explained in their motions for en banc reconsideration, that order should be vacated. But whatever the propriety of the stay, the motions panel's cursory analysis must not control this Court's ultimate resolution of a case of this importance.

The motions panel's stay order rests on a flawed interpretation of two important federal statutes: the nondirective-counseling mandate and Section 1554 of the Affordable Care Act. *See* California Answering Brief at 23-45. These errors of law, if accepted as authoritative, would undermine the protection that Congress intended to provide to Title X patients, assuring them access to factual, objective, and unbiased information from their family planning providers. The motions panel also wrongly failed to inquire whether HHS had provided the sort of "more detailed justification" necessary to explain its abrupt change in policy, in light of the significant reliance interests at stake on the part of providers and the patients they serve. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515-16

(2009); *see* California Answering Brief at 45-54.  That error likewise should be corrected after full consideration.  If a merits panel is free to revisit the matter and reach the correct result despite the motions panel's initial prediction, then this appeal may appropriately proceed before such a panel.  If not, however, then the merits should be considered by the Court en banc.

## CONCLUSION

If a three-judge panel addressing the merits of this appeal would be bound by the conclusions or reasoning of the motions panel's stay order, then the appeal should instead be heard en banc.

Dated:  July 1, 2019                    Respectfully submitted,

                                                   *s/Joshua Patashnik*
                                               Joshua Patashnik

| | |
|---|---|
| XAVIER BECERRA<br>*Attorney General of California*<br>EDWARD C. DUMONT<br>*Solicitor General*<br>KATHLEEN BOERGERS<br>*Supervising Deputy Attorney General* | JOSHUA PATASHNIK<br>*Deputy Solicitor General*<br>ANNA RICH<br>BRENDA AYON VERDUZCO<br>KETAKEE KANE<br>*Deputy Attorneys General*<br>CALIFORNIA DEPARTMENT OF JUSTICE<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA  94102-7004<br>(415) 510-3896<br>josh.patashnik@doj.ca.gov<br>*Attorneys for Plaintiff–Appellee* |

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the type-volume limitation of Ninth Circuit Rules 35-4 and 40-1 because it contains 2,205 words. This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated: July 1, 2019  *s/Joshua Patashnik*
Joshua Patashnik